I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 8/8/2011

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG − 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS TELBERT BERTHEY, JR., <br><br>　　　　Petitioner, <br><br>　　vs. <br><br>GARY SANDOR, WARDEN, <br><br>　　　　Respondent. | Case No. CV 10-9636-DDP (RNB) <br><br> ORDER ADOPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Petitioner, a California state prisoner currently confined at California Rehabilitation Center in Norco, filed a Petition for Writ of Habeas Corpus herein on December 15, 2010. The Petition purported to be directed to the sentence petitioner received as a result of a 2005 conviction sustained in the Superior Court of California for San Diego County. Petitioner was claiming that, under a 2010 amendment Cal. Penal Code § 4019, he is entitled to a recalculation of his pretrial custody credits.

　　　　On December 21, 2010, the assigned Magistrate Judge (Judge Block) issued a Report and Recommendation herein recommending the denial of the Petition and the dismissal of this action with prejudice on the basis that the sentencing error claim being alleged by petitioner was directed to the California courts' construction and application of California sentencing law and was not even framed as a federal constitutional claim. Accordingly, petitioner's sentencing error claim was not

1  cognizable on federal habeas review under 28 U.S.C. § 2254(a).

2  Petitioner subsequently filed a motion to disqualify Judge Block in his pending
3  civil rights action, Case No. EDCV 10-1462-DDP (RNB). The disqualification
4  motion also included a request for withdrawal inter alia of the Report and
5  Recommendation in this case. On March 1, 2011, this Court issued an order denying
6  petitioner's disqualification motion and his withdrawal requests. In the meantime,
7  on January 4, 2011, petitioner had filed a "Statement of Objections" to the Report and
8  Recommendation herein. Petitioner then filed another "Statement of Objections" on
9  March 17, 2011, which contains essentially the same arguments.

10  The gravamen of petitioner's objections is that the State courts' denials of his
11  applications for relief (which consisted of a Motion to Correct Pre-Sentence Credits
12  filed in the Superior Court, an Appeal from the Superior Court's denial order filed in
13  the Court of Appeal, and a Petition for Review of the Court of Appeal's denial of his
14  appeal) not only was based on an erroneous application of state law, but also
15  constituted a denial of his Fourteenth Amendment rights to due process and equal
16  protection.

17  However, the Court's review of petitioner's state court applications, copies of
18  which were attached to the Petition, reveals that petitioner did not present his
19  sentencing error claim as a federal constitutional claim in any of those applications.
20  Accordingly, even if petitioner had framed his sentencing error claim in the Petition
21  as a violation of federal constitutional rights, the Court would be compelled to
22  dismiss the Petition without prejudice on account of petitioner's failure to exhaust
23  state remedies. See, e.g., Gray v. Netherland, 518 U.S. 152, 162-63, 116 S. Ct. 2074,
24  135 L. Ed. 2d 457 (1996) ("[F]or purposes of exhausting state remedies, a claim for
25  relief in habeas corpus must include reference to a specific federal constitutional
26  guarantee, as well as a statement of the facts that entitle the petitioner to relief.");
27  Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) ("If
28  state courts are to be given the opportunity to correct alleged violations of prisoners'

federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made."); Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) ("[T]he petitioner must make the federal basis [of the claim] explicit either by citing federal law or the decisions of federal courts, even if the federal basis of a claim is 'self-evident,' or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds."), as amended by 247 F.3d 904 (9th Cir. 2001).

Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge, except that the dismissal shall be without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: AUG - 8 2011

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE